## Charles Braumiller et al. v. Thomas J. Erwin.

1. PRACTICE—*Discrepancies in Accounts Can Not be Asserted for the First Time in the Appellate Court.*—Where a party claims a discrepancy in the footing of statements furnished by the opposite party to a suit and used on the trial, the proper time for the party affected injuriously by such discrepancy to insist upon the claim, is upon the trial below. Not to do so, impliedly concedes the correctness of the statement as to

amounts, and contesting only upon another point will estop the party from asserting the claim in the Appellate Court.

**Memorandum.**—Assumpsit. In the Circuit Court of DeWitt County; the Hon. George W. Herdman, Judge, presiding. Declaration for goods sold; pleas of general issue, recoupment and set-off; trial by jury; verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1894, and affirmed. Opinion filed October 29, 1894.

R. A. Lemon, attorney for appellants.

Wm. F. Herndon and William Booth, attorneys for appellee.

Mr. Presiding Justice Wall delivered the opinion of the Court.

The appellee recovered a judgment in assumpsit against appellants for $357.92, balance claimed to be due upon the sale and delivery of a quantity of corn. Part of the corn was old and a part was new. The main question of fact was whether the appellee sold the old corn to grade No. 2, as alleged by appellants, or whether, as alleged by him, he sold it without any statement or designation of its quality.

The appellants bought it to sell again, and did sell it, and as they aver, the old corn graded as low as three and four, and on this account they retained the sum of $262, to cover the difference in value between No. 2 and the grade at which they disposed of it.

A statement in writing was made by them to the appellee containing the number of bushels of old corn at the contract price, the number of bushels of new corn at the contract price, the amounts paid on account, the sum so retained, and the balance remaining, for which their check was inclosed.

It was claimed by appellee, and not denied by appellants, that there was an error in the figures as to the number of bushels, and that the appellee was entitled to pay for 261 bushels more than so reported.

In view of this condition of the proof the court instructed

the jury that if they found the issues for the plaintiff they should allow him the sum of $262, plus the contract price for the 261 bushels. It is now urged that by an examination of the various sheets containing the weights as reported by the weighers, compared with the testimony, it will appear that the appellee did not furnish the amount of corn necessary to support this verdict by some fifty-four bushels, and that the court in giving this instruction invaded the province of the jury, and thereby committed such error as should work a reversal of the judgment.

We are not disposed to follow the inquiry thus suggested by counsel. We think the court was justified in assuming, as the parties all seemed to assume, that the plaintiff, if entitled to a verdict upon the controverted question of fact as to what was the contract, was entitled to the sum retained, to wit, $262, and the contract price for the 261 bushels.

In other words, the measure of damages, if the plaintiff's theory as to the facts was true, was not a matter of dispute.

It may be that according to the figures as shown by the various weigh-sheets there is a shortage of fifty-four bushels, but if so, the proper time to insist upon that point was upon the trial. If the footings justified such a claim in face of said written statement furnished by appellants, in which they professed to give the exact number of bushels, and which they admitted was 261 bushels short, it was due to the court as well as to the jury and the opposite party to point out the discrepancy then. Not to do so, thereby impliedly conceding the plaintiff's claim as to amounts, and contesting only upon the question as to what was the contract, should estop them from asserting the claim now.

By their action they led the court to make the assumption in said instruction of which they now complain. They should not be heard to make the complaint under the circumstances. It is further objected that the court erred in advising the jury that if there was no mention of the quality of the corn the plaintiff was entitled to recover, even though the quality was bad, and that the true rule is that when such property is sold, not on inspection, there is an implied warranty that it is merchantable.

Conceding that such is the rule and that it is applicable here, we think there is no real error in this action of the court, for the reason that the corn was in fact merchantable and did go in the market, though at a grade below No. 2.

The instruction was not erroneous in view of the evidence.

We deem it unnecessary to consider in detail other objections to the instructions, as it is apparent, we think, that the appellants have no just ground of complaint, in view of the whole series of instructions given for both sides. The law was presented with sufficient clearness, and there can be no reason to say that appellants were unduly prejudiced by the action of the court in this regard.

The chief question was whether the appellee contracted his old corn as No. 2, which it was not, or whether there was no understanding on his part as to the quality.

This point was sharply contested.

There was a written memorandum signed by appellants and delivered to the appellee in which no mention of grade appears. At the same time another memorandum signed by appellee was given to appellants in which the old corn is described as " 2," nothing said as to the new corn.

Appellee claims that this figure 2 was not in the paper when he delivered it.

Appellants claim it was.

We do not care to discuss the evidence, as in our view of the matter the verdict is not so opposed to the proof as to warrant a reversal.

No doubt the jury gave the conflicting evidence due consideration, and there being no error of the court calculated to mislead them in their finding, and no cause to believe that they were actuated by improper motives, their verdict must be accepted as a finality.

The judgment is affirmed.